### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**WILLIAM EDWARD GRAY**                                                          **PETITIONER**
**ADC #168502**

**v.**                                          **Case No. 4:23-cv-00057-LPR**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                              **RESPONDENT**

### <u>ORDER</u>

The Court has reviewed the Recommended Disposition (RD) submitted by United States

Magistrate Judge Edie R. Ervin (Doc. 15) and Mr. Gray's Objections (Doc. 24).  After a *de novo*

review of the RD, along with careful consideration of the Objections and the entire case record,

the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions

in all respects.  Accordingly, the Petition for Writ of Habeas Corpus (Doc. 2) is DISMISSED with

prejudice and the Clerk of Court is instructed to close this case.  A certificate of appealability will

not be issued because Petitioner has not "made a substantial showing of the denial of a

constitutional right."[1]

Although the Court need not say any more than the foregoing, the Court wishes to make a

few observations that either clarify the RD or otherwise support its analysis.  These observations

are in no particular order and are intended to be independent of each other.

---

[1] 28 U.S.C. § 2253(c)(2); *see also*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . [And] when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

1.  In his Objections, Mr. Gray contends that the RD did not adequately address his argument that the Arkansas Court of Appeals applied the wrong *Strickland* prejudice standard when it reviewed Mr. Gray's post-conviction Rule 37 appeal.[2]  Specifically, he insists that the Magistrate Judge overlooked his citation to clearly established United States Supreme Court precedent in *Smith v. Robbins*, which he claims the Arkansas Court of Appeals failed to apply.[3]  The Court agrees with the Magistrate Judge that the Arkansas Court of Appeals applied the correct *Strickland* prejudice standard despite its citations to an Arkansas Supreme Court case with imprecise language.[4]  And, the Arkansas Court of Appeals' analysis is neither contrary to *Smith v. Robbins* nor an unreasonable application of the "reasonable probability" standard established by that case for evaluating *Stickland* prejudice.  The Arkansas Court of Appeals' decision made crystal clear that, under state law, Mr. Gray was not entitled to an instruction that included his requested curtilage language.[5]  Accordingly, it is not an unreasonable application of the *Strickland* prejudice standard for the Arkansas Court of Appeals to determine that, because Mr. Gray is definitively not

---

[2] *See* Petitioner's Obj. (Doc. 24) at 40–46.

[3] *See id.* at 44–46 (citing *Smith v. Robbins*, 528 U.S. 259 (2000)).  Petitioner also cites *Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001), in support of this claim.  *Id.* at 45.  Because this case is not a Supreme Court case, the Court does not specifically cite it in the analysis above.  *See* 28 U.S.C. § 2254(d) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the *Supreme Court of the United States* . . . ." (emphasis added)).

[4] *See* RD (Doc. 15) at 15; Resp. to Pet. for Writ of Habeas Corpus (Doc. 9) at 18–19 (explaining that the imprecise language used by the Arkansas Court of Appeals is merely a shorthand version of the *Strickland* prejudice standard used at times by the Eighth Circuit and does not impose a higher standard than the "reasonable probability" standard).

[5] *See Gray v. State*, 2021 Ark. App. 406, at 13, 636 S.W.3d 102, 110 ("We agree with the circuit court that the evidence indicates that the shooting took place in a common area in a parking lot in front of Cooper's side of the duplex. Accordingly, Gray was not entitled to a justification instruction that included the optional curtilage language."); *id.* at 17, 636 S.W.3d at 113 ("We agree with the circuit court that there was no violation of due process . . . because the evidence did not support instructing the jury on the optional curtilage language, as in *Moody*.").

2

entitled to that instruction, he did not have a reasonable probability of prevailing on the merits of his direct appeal even if his lawyer had acted as Mr. Gray suggests his lawyer should have.[6]

2. Mr. Gray's fourth claim in his Petition challenges the purported inconsistent application of Arkansas's preservation rules and the purported unreasonable application of those rules to the facts of this case.[7] Specifically, Mr. Gray argues that he was deprived of his right to a direct appeal when the Court of Appeals' refused to make a merits determination on his entitlement to a curtilage jury instruction.[8] Mr. Gray's fourth claim faces two levels of procedural default. On direct appeal, the Arkansas Court of Appeals concluded as a matter of state law that Mr. Gray's failure to include the requested instruction in the appellate record precluded a merits decision.[9] And, on Rule 37 review, the Arkansas Court of Appeals concluded as a matter of state law that—because Mr. Gray failed to raise an argument for excusing his procedural default on direct appeal—he is precluded

---

[6] Mr. Gray makes much out of the standard by which his jury instruction challenge would have been reviewed had his lawyer properly raised it on direct appeal. But that standard—"[i]f there is the slightest evidence to support an instruction, refusal to give [the] instruction constitutes reversible error"—is not as favorable as Mr. Gray suggests. *See* Br. in Supp. of Pet. for Writ of Habeas Corpus (Doc. 3) at 22–23 (first citing *Robinson v. State*, 269 Ark. 90, 598 S.W.2d 421 (1980); and then citing *Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005)). Although Arkansas courts have repeatedly used the "slightest evidence" language, the Arkansas Supreme Court has recently clarified that this standard is not as low as it appears to be. *Cf. Cypert v. State*, 2025 Ark. 11, at 10, 705 S.W.3d 496, 501 ("We have previously explained that to obtain [an] instruction . . . a proponent must demonstrate that 'the slightest evidence supports' that instruction. . . . That might sound like a low bar, but our cases have shown that it is not." (internal citation omitted) (quoting *Goehler v. State*, 2023 Ark. 186, at 10, 678 S.W.3d 745, 752)). Moreover, Mr. Gray ignores the importance of the deference used by Arkansas appellate courts when they review a circuit court's decision not to give a jury instruction. *See Parker v. State*, 2025 Ark. 55, at 6–7, 709 S.W.3d 807, 812 (reciting the "slightest evidence" language but then explaining that "[state appellate courts] review a circuit court's rulings concerning jury instructions for [an] abuse of discretion. . . . a high standard that does not simply require error in the circuit court's decision, but that the circuit court acted improvidently, thoughtlessly, or without due consideration." (internal citations omitted) (first citing *Goehler*, 2023 Ark. 186, at 10, 678 S.W.3d at 752; and then citing *Doerhoff v. State*, 2023 Ark. 149, at 4–5, 675 S.W.3d 877, 880)). In our case, the Arkansas Court of Appeals found that the circuit court's decision not to give the curtilage language was ultimately correct. *See Gray v. State*, 2021 Ark. App. 406, at 13, 636 S.W.3d 102, 110. In such circumstances, and absent some extraordinary fact not present here, it would be impossible to say that there was (or is) a reasonable probability that a different panel would find the circuit court's call to be an abuse of discretion.

[7] *See* Br. in Supp. of Pet. for Writ of Habeas Corpus (Doc. 3) at 88–95.

[8] *See id.*

[9] *See Gray v. State*, 2018 Ark. App. 544, at 5, 564 S.W.3d 289, 291.

from raising that argument in Rule 37 proceedings.[10]   Despite both procedural defaults, Mr. Gray

provides the Court with precedent that he contends instructs the Court to reach the merits of his

claim.  The Court is not persuaded by Mr. Gray's contentions.

Mr. Gray relies a great deal on *Lee v. Kemna*, 534 U.S. 362 (2002).[11]   *Lee* explains that,

although "[o]rdinarily . . . [a] violation of 'firmly established and regularly followed' state

rules . . . will be adequate to foreclose review of a federal claim[,] . . . exceptional cases [exist] in

which exorbitant application of a generally sound rule renders the state ground inadequate to stop

consideration of a federal question."[12]   To be sure, *Lee* allows a federal court to inquire into the

adequacy of state procedural bars.[13]   But *Lee* repeatedly cabins its holding to "exceptional cases"

where there is an "exorbitant application of a generally sound rule."[14]   And *Lee* identifies three

fact-specific considerations that, in combination, placed that case in this "small category of

[exceptional] cases . . . ."[15]   Those considerations were "(1) whether the alleged procedural

violation was actually relied on in the trial court, and whether perfect compliance  . . . would have

changed the trial court's decision; (2) whether state caselaw indicated that compliance with the

rule was demanded in the specific circumstances presented; and (3) whether petitioner had

---

[10] *See Gray*, 2021 Ark. App. 406, at 20, 636 S.W.3d at 114.

[11] *See, e.g.*, Br. in Supp. of Pet. for Writ of Habeas Corpus (Doc. 3) at 90–91; Petitioner's Obj. (Doc. 24) at 34–36; 124–138.

[12] *Lee*, 534 U.S. at 376 (internal citations omitted) (quoting *James v. Kentucky*, 466 U.S. 341, 348 (1984)).

[13] *Id.* at 375 ("'[T]he adequacy of state procedural bars to the assertion of federal questions," we have recognized, is not within the State's prerogative finally to decide; rather, adequacy 'is itself a federal question.'" (alteration in original) (quoting *Douglas v. Alabama*, 380 U.S. 415, 422, (1965))).

[14] *Id.* at 376.  *See also id.* ("This case fits within that *limited* category." (emphasis added)); *id.* at 386 ("We merely apply *Osborne*'s sound reasoning and *limited* holding to the circumstances of this case." (emphasis added)); *id.* at 379–80 ("[I]n *rare circumstances*, however, unyielding application of [a state procedural rule] would disserve any perceivable interest." (emphasis added)); *id.* at 387 ("Under the *special circumstances* so combined, we conclude that no adequate state-law ground hinders consideration of Lee's federal claim." (emphasis added)); *id.* at 381 ("Three considerations, in combination, lead us to conclude that this case falls within the *small category of cases* in which asserted state grounds are inadequate to block adjudication of a federal claim." (emphasis added)).

[15] *Lee*, 534 U.S. at 381.

'substantially complied' with the rule given 'the realities of trial,' and, therefore, whether demanding perfect compliance . . . would serve a legitimate governmental interest."[16]

The Arkansas Court of Appeals' application of state procedural default rules was neither "exceptional" nor "exorbitant." At least some of the considerations motivating the Court's analysis in *Lee* (and maybe all of them) are absent in our case. Consider first the procedural rule in our case that required Mr. Gray to tender a copy of his proposed jury instructions to receive direct review. That rule is routinely applied even in situations (like Mr. Gray's) where the proposed instruction is a model instruction.[17] Mr. Gray was not under any trial-like pressure or extraordinary circumstances when he failed to provide his desired jury instruction to the appellate court. In fact, Mr. Gray had the normal time every other appellant has to properly present the one (and only) issue he raised on direct appeal.[18] Finally, requiring stringent compliance with this rule

---

[16] *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (citing *Lee*, 534 U.S. at 381–85). The first factor is not readily applicable to procedural default rules that occur on appeal. Therefore, the Court does not expressly include that consideration in its analysis *infra*.

[17] *See, e.g.*, *Robertson v. State*, 2009 Ark. 430, at 3–4, 347 S.W.3d 460, 462 (2009) (refusing to reach the merits of whether the trial court erred in not giving a duress instruction because the appellant did not provide that model duress instruction to the appellate court); *Wallace v. State*, 326 Ark. 376, 380, 931 S.W.2d 113, 116 (1996) (refusing to reach the merits of whether the trial court erred in failing to instruct the jury on the lesser-included offense of robbery "because neither the record nor the abstract contains the robbery instruction requested by [the appellant]"); *Stewart v. State*, 316 Ark. 153, 157–58, 870 S.W.2d 752, 754–55 (1994) (refusing to address the merits of the decision to instruct the jury on the affirmative defense of duress when the proffered instruction was not in the record).

[18] The Court could envision alternative reasons that explain why Mr. Gray's desired instruction was not put in the appellate record. First, maybe the desired instruction was in the trial record and Mr. Gray's lawyer simply forgot to ensure that it made its way into the appellate record. Second, maybe the desired instruction could not be in the appellate record because it was never a part of the trial record. The Court understands from the record that we are likely in the latter bucket, not the former one. *See, e.g.*, Ex. D (Pet. for Reh'g) to Resp. to Pet. for Writ of Habeas Corpus (Doc. 9-9) at 5–9; RD (Doc. 15) at 9, 14; Petitioner's Obj. (Doc. 24) at 25; Ex. M (Appellant's Br. on Rule 37 Appeal) to Resp. to Pet. for Writ of Habeas Corpus (Doc. 9-18) at 14. But, as explained in this footnote, it really doesn't matter which bucket we are in. In either scenario, Mr. Gray's failure to identify and rectify the deficiency was not a symptom of trial-like pressure or extraordinary circumstances. That's obvious in the first scenario. And, although it is less obvious in the second scenario, the Court notes that Mr. Gray could have moved to settle the trial record such that the desired instruction was made part of the record. *See* Ark. R. App. P.—Civ. 6(e) (permitting the "[c]orrection or modification of the record" when "difference[s] arise[] as to whether the record truly discloses what occurred in the circuit court" or "anything material to either party is omitted from the record by error or accident or is misstated therein"); *Brown v. State*, 2020 Ark. 300, at 3 n.1 ("The Arkansas Rules of Appellate Procedure–Civil govern the preparation of the record on appeal, even in criminal cases."). He could have done this before, during, or after trial. *See, e.g.*, Ark. R. App. P.—Civ. 6(e). Finally, even if the Court were to assume that Mr. Gray could not settle the record in the way just described, and therefore that he was stuck with his original error of not submitting his

serves a legitimate state interest.  It apprises the appellate court of the exact language and contours of the requested instruction, which is not always uniform even where the model instructions are used.[19]

The same holds true for the procedural rule that the Arkansas Court of Appeals applied on Rule 37 review.  That rule—which is regularly applied in cases like the case at bar—says that a court will not consider arguments in a Rule 37 proceeding that were not raised at trial or on direct appeal.[20]  Mr. Gray had the opportunity to raise his due process argument in a Reply Brief on direct appeal.[21]  That is, when the State argued that Mr. Gray's jury instruction challenge should be denied because "neither the record nor the abstract contains a proffer of the instruction," Mr. Gray had the opportunity to argue that this procedural rule should not be applied because it violated constitutional due process protections.[22]  Mr. Gray failed to make such an argument even though he was under no trial constraints or pressure.[23]  And, just like the procedural rule for preserving

---

desired instruction to the trial court, this still would not be a case like *Lee*.  The continuance issue in *Lee* popped up unexpectedly during trial and was resolved almost immediately.  *Lee*, 534 U.S. at 382.  The submission and refinement of jury instructions, on the other hand, is not a spontaneous and unforeseen event.  It is simply of a different nature— and allows for more considered action—than what occurred in *Lee*.

[19] *See Pearson v. State*, 307 Ark. 360, 362, 819 S.W.2d 284, 285 (1991) ("[F]ailure to abstract the requested instruction leaves us somewhat in the dark about the exact contents of what was precisely wanted in the way of an instruction. This pertains even to a model instruction which typically is a printed form that must be completed and tailored to the facts of the particular case.").

[20] *See Gray*, 2021 Ark. App. 406, at 20, 636 S.W.3d at 114 (citing *Beulah v. State*, 352 Ark. 472, 101 S.W.3d 802 (2003)).  *See also* Resp. to Pet. for Writ of Habeas Corpus (Doc. 9) at 25 (listing cases).

[21] *See Gray*, 2021 Ark. App. 406, at 20, 636 S.W.3d at 114.

[22] *See* Ex. C (Appellee's Br. on Direct Appeal) to Resp. to Pet. for Writ of Habeas Corpus (Doc. 9-7) at 6–7 (section titled "**APPELLANT'S ARGUMENT IS NOT PRESERVED** . . . ." (emphasis in original)).

[23] *See Gray*, 2021 Ark. App. 406, at 20, 636 S.W.3d at 114.  Mr. Gray first raised the issue when asking for rehearing of the Arkansas Court of Appeals' decision.  *See* Ex. D (Pet. for Reh'g) to Resp. to Pet. for Writ of Habeas Corpus (Doc. 9-9) at 5–9; Ex. E (Resp. to Pet. for Reh'g) to Resp. to Pet. for Writ of Habeas Corpus (Doc. 9-10) at 1.  By that point, it was already too late.  *See* Ark. Sup. Ct. R. 2-3(g) ("The petition for rehearing should be used to call attention to specific errors of law or fact which the opinion is thought to contain."); *Johnson v. State*, 2020 Ark. 86, at 1 ("Nor should [a petition for rehearing] include new arguments not presented in the original briefing. . . . Indeed, any repetitive or newly raised arguments within the petition will simply not be considered. . . . even when the newly raised arguments are of constitutional dimension." (internal citations omitted) (first citing Ark. Sup. Ct. R. 2-3(g); then citing *MacKool v. State*, 2012 Ark. 341, at 2 (per curiam); and then citing *McArty v. Hobbs*, 2012 Ark. 306, at 2 (per curiam))).  Mr. Gray also raised the issue in a petition for review, but the Arkansas Supreme Court will not address issues not

jury instructions, requiring that a party raise issues in a timely manner on direct appeal serves legitimate state interests. It makes sure that the normal appellate process is followed and that Rule 37 proceedings are not used for an improper purpose, *i.e.*, as a substitute for appeal or as a second attempt at a petition for rehearing.[24] The bottom line is that *Lee* does not help Mr. Gray given the less than extraordinary circumstances present in our case.

Mr. Gray also relies on *Caldwell v. Mississippi*.[25] On his reading of *Caldwell*, a federal court is permitted to reach the merits of an otherwise procedurally defaulted claim if the state court nonetheless decided the claim on the merits.[26] And, since the Arkansas Court of Appeals addressed the merits of Mr. Gray's due process claim in the Rule 37 proceeding, Mr. Gray contends that "the court voided its reliance on the procedural default."[27] But Mr. Gray misreads *Caldwell*. Caldwell quite clearly explains that, "[i]f the state court decision indicates clearly and expressly that it is alternatively based on bona fide separate, adequate, and independent grounds, [the federal court] . . . will not undertake to review the decision."[28] Here, the Arkansas Court of Appeals' decision in the Rule 37 appeal did just that. It clearly and expressly concluded that Mr. Gray's due process claim was barred because, as a matter of state law, he failed to raise his due process

---

raised in the Arkansas Court of Appeals. *Cf. Rodriguez v. Arkansas Dep't of Hum. Servs.*, 360 Ark. 180, 186, 200 S.W.3d 431, 435 (2004) ("[W]e decline to consider any point on appeal that was not originally submitted to the court of appeals."); *Barker v. State*, 2014 Ark. 467, at 3, 448 S.W.3d 197, 199 ("We will not consider new arguments raised for the first time on appeal or consider factual substantiation added to bolster the allegations made below. . . . Likewise, issues raised below but not argued on appeal are considered abandoned. (internal citations omitted) (first citing *Thornton v. State*, 2014 Ark. 113 (per curiam); and then citing *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143)).

[24] *Nooner v. State*, 339 Ark. 253, 255–57, 4 S.W.3d 497, 498–99 (1999).

[25] *See* Petitioner's Obj. (Doc. 24) at 139–140 (citing *Caldwell v. Mississippi*, 472 U.S. 320, 326–27 (1985)).

[26] *See id.*

[27] *See id.* at 139.

[28] *Caldwell*, 472 U.S at 327 (quoting *Michigan v. Long*, 463 U.S. 1032, 1041 (1983)).

argument on direct appeal.[29]  In the alternative, it (cryptically) addressed the merits of that issue.[30]

*Caldwell* does not instruct (or allow) this Court to overlook the procedural defaults in such a situation.  *Caldwell* was a case where the relevant court did not base its decision on default at all, but rather based its decision exclusively on a merits determination.[31]  It is inapposite to our case, where the relevant court did actually rely on the procedural default.  The fact that the relevant court alternatively relied on a merits determination does not bring our case with the *Caldwell* rule.

Two final points about *Lee* and *Caldwell* are worth noting.  First, the Arkansas Court of Appeals' application of state procedural rules and its reasons for applying those rules are consistent with *Lee* and *Caldwell*.[32]  Second, the Court notes that even if Mr. Gray surmounted both levels of procedural default (which he cannot), the Court agrees with the RD that Mr. Gray still cannot succeed on this due process claim because he cannot demonstrate prejudice or "a substantial and injurious effect" that would warrant habeas relief. [33]

3.  The Court wishes to clarify the RD's third paragraph in Subsection III(A)(2).[34]  That paragraph addresses Mr. Gray's argument that the trial court's failure to give the curtilage instruction decreased the prosecution's burden of proof.[35]  Mr. Gray contends that if the curtilage portion of the instruction was given, the prosecution would have had to prove beyond a reasonable doubt that (1) Mr. Gray was not on his curtilage, and (2) that Mr. Gray could have avoided deadly

---

[29] *See Gray*, 2021 Ark. App. 406, at 20, 636 S.W.3d at 114.

[30] *See id.* at 19–20, 636 S.W.3d at 113–114.  In the direct appeal, the Arkansas Court of Appeals did not even address the merits of Mr. Gray's claim in the alternative.  Instead, it affirmed solely because Mr. Gray did not include the curtilage instruction for the record on appeal.  *See Gray*, 2018 Ark. App. 544, at 5, 564 S.W.3d at 291.

[31] *See Caldwell*, 472 U.S at 327–28.

[32] That's true whether *Lee* and *Caldwell* are viewed as a *de novo* matter or given deference under § 2254(d).

[33] *See* RD (Doc. 15) at 23–24.  *See also Christenson v. Ault*, 598 F.3d 990, 994–95 (8th Cir. 2010).

[34] *See* RD (Doc. 15) at 19.

[35] *See id*.

force by retreating with complete safety.[36]  But without the instruction, Mr. Gray argues, the prosecution was relieved of proving point (1).[37]  This claim fails under *Strickland* because, as noted above, the Arkansas Court of Appeals clearly and correctly assessed that Mr. Gray was not entitled to an instruction that included the curtilage language he requested.[38]

IT IS SO ORDERED this 31st day of March 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[36] *See* Br. in Supp. of Pet. for Writ of Habeas Corpus (Doc. 3) at 68–73.

[37] *See id.*  If successful here, such a broad due process argument would warrant habeas relief any time a justification instruction is denied.

[38] *See supra* pp. 2–3.